UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ALAN LAWSON, II,

      Petitioner,                  Case Number 20-10698
                                        Stephanie Dawkins Davis
v.                                     United States District Judge

SHERMAN CAMPBELL,

      Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE
PETITION FOR WRIT OF HABEAS CORPUS AND
ADMINISTRATIVELY CLOSING CASE**

Wayne Alan Lawson, II, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel, Maynard Law Associates, in which he challenges his conviction for communicating with another to commit the crime of aggravated stalking, using a computer to commit the crime of aggravated stalking, aggravated stalking, unlawful posting of a message with aggravating circumstances, and being a third felony habitual offender. The petition contains claims that have not been exhausted with the state courts. In *lieu* of dismissing the case, the Court holds the petition in held in abeyance and stays the proceedings to permit petitioner to return to the state courts to exhaust his claims, failing which

1

the petition shall be dismissed without prejudice.  The Court administratively

closes the case.

## I.      BACKGROUND

Petitioner was convicted on his plea of guilty in the St. Clair County Circuit

Court.  Petitioner filed an application for leave to appeal to the Michigan Court of

Appeals, in which he raised the following claims:

> I. The trial court erroneously scored 15 points in OV 19
> because the text message did not amount to a threat of
> force that interfered with, or attempted to interfere with,
> the administration of justice but was simply a hostile text
> message to an ex-wife.
>
> II. The Judgment should be vacated because the decision
> to bind over the case was lacking in two ways: (1) venue
> was lacking, and (2) there was insufficient proof that a
> valid probation order was entered.
>
> III.  The Judgment should be vacated because the Circuit
> Court was without jurisdiction; the acts done by Mr.
> Lawson were not committed in Michigan and there were
> no intended consequences to confer jurisdiction.[1]

The Michigan Court of Appeals denied petitioner leave to appeal.  *People v.*

*Lawson*, No. 343947 (Mich. Ct. App. July 13, 2018).

Petitioner filed an application for leave to appeal to the Michigan Supreme

Court, in which he raised the same claims for relief. [2]  On December 21, 2018, the

---

[1] *See* ECF No. 1, PageID.3.

[2] *See* ECF No. 1, PageID.4.

Michigan Supreme Court denied leave to appeal. *People v. Lawson,* 503 Mich. 933, 920 N.W. 2d 582 (2018).

On March 16, 2020, Petitioner filed his petition for writ of habeas corpus through counsel. Petitioner raises the same claims in his petition that he raised in his appeal before the Michigan appellate courts. Petitioner, however, has also raised a claim that trial counsel was ineffective for failing to advise petitioner whether he could be charged in Michigan for these crimes. Petitioner also claims that trial counsel was ineffective for failing to object to the lack of jurisdiction as well as the lack of notice to Petitioner that the terms of his probation in an old case had been changed to add no-contact provisions which Petitioner was later accused of violating and which provided the basis for his stalking charges. Petitioner even suggests that he was constructively denied the assistance of counsel because he claims trial counsel failed to subject the prosecutor's case to any "meaningful adversarial testing."[3]

## II. DISCUSSION

The case is subject to dismissal because it contains claims which have yet to be exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v.*

---

[3] *See* ECF No. 1, PageID.14-15.

*Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death

Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which

mandates dismissal of a habeas petition containing claims that a petitioner has a

right to raise in the state courts but has failed to do so.  *See Welch v. Burke*, 49 F.

Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional

matter, "it is a threshold question that must be resolved" before a federal court can

reach the merits of any claim contained in a habeas petition.  *See Wagner v. Smith,*

581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a

federal court for exhaustion before any claim may be reviewed on the merits by a

district court.  *Id.*  Federal district courts must dismiss mixed habeas petitions

which contain both exhausted and unexhausted claims.  *See Pliler v. Ford,* 542

U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

A habeas petitioner has the burden of proving that he or she has exhausted

his or her state court remedies.  *See Rust v. Zent,* 17 F. 3d 155, 160 (6th Cir. 1994).

The current petition is subject to dismissal, because Petitioner failed to allege or

indicate in his petition that he exhausted his state court remedies with respect to all

of his claims.  *See Peralta v. Leavitt*, 56 Fed. Appx. 534, 535 (2d Cir. 2003); *see

also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

There is no indication that Petitioner raised an ineffective assistance of

counsel claim in the state courts.  Although Petitioner raised a claim challenging

4

the circuit court's jurisdiction and a claim that his stalking charges were invalid because he never received notice that his probation had been amended to add a no-contact provision involving Petitioner's ex-wife, Petitioner did not claim that trial counsel was ineffective for failing to object to the jurisdiction or lack of notice.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). For purposes of the exhaustion requirement, an ineffective assistance of counsel claim is legally distinct from the underlying substantive claim incorporated into the ineffective assistance of counsel claim. *See White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005). Because Petitioner did not present his jurisdiction and lack of notice claims as an ineffective assistance of counsel claim to the state courts, his ineffective assistance of counsel claims are unexhausted for purposes of habeas review. In addition, Petitioner also alleges that he was constructively denied the assistance of counsel. A claim involving the constructive denial of counsel is a separate and distinct claim from an ineffective assistance of

counsel claim for purposes of exhausting a claim under the same factual and legal theory in the state courts. *See Fusi v. O'Brien*, 621 F.3d 1, 6 (1st Cir. 2010).

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner*, 581 F.3d at 419. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the St. Clair County Circuit Court under Mich. Ct. R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court's only concern in dismissing the current petition involves the possibility that Petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts. A common circumstance calling for abating a habeas petition arises when the

original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his or her unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber*, 544 U.S. 269, 272-78 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, Petitioner could assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, nn. 4 and 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time

limits on a Petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order.  *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies.  *See id.*  "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).[4]

## III.   ORDER

It is **ORDERED** that Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.**  If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be

---

[4] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so.  *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

held in abeyance pending the petitioner's exhaustion of the claims.  Petitioner shall file a motion to lift the stay using the same caption and case number within **ninety (90) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition containing the arguments that he raised before the state courts with respect to these claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

DATED: August 10, 2020                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States District Judge